IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD  21201<br><br>Plaintiff,<br><br>v.<br><br>THE NASDAQ STOCK MARKET, INC.<br>9600 Blackwell Road<br>Rockville, MD  20850<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission ("Plaintiff," "the EEOC," or "the Commission") brings this action under the Equal Pay Act of 1963 ("the EPA"), Section 15(a)(3) of the Fair Labor Standards Act ("the FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices committed by The NASDAQ Stock Market, Inc. ("Defendant" or "NASDAQ"), and to provide relief to Akiba Scroggins, an Associate Director in Defendant's Economic Research Department, which is located in Rockville, Maryland. Plaintiff alleges that Defendant discriminated against Ms. Scroggins in pay and promotions because of her gender and race, African-American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

Section 17 of the FLSA, as amended, 29 U.S.C. § 217, to enforce the requirements of the EPA; Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3.      Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of, *inter alia*, the EPA and Title VII.

4.      At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Maryland and the City of Rockville, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r),

(s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS AGAINST DEFENDANT

8.      More than thirty days prior to the institution of this lawsuit, Akiba Scroggins filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.      Since at least June 2001, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  These practices include the following:

    a)  denying promotions to Akiba Scroggins because of her race and gender, and;

    b)   because of her race and gender, paying Akiba Scroggins lower wages than those paid to white male analysts who performed substantially equal work in the Economic Research Department.

10.     The effect of the practices complained of in paragraph 9, above, has been to deprive Ms. Scroggins of equal employment opportunities and otherwise adversely affect her employee status because of her race and gender.

11.     The unlawful employment practices complained of in paragraph 9, above, were intentional.

12.     The unlawful employment practices complained of in paragraph 9, above, were done with malice or reckless indifference to the federally protected rights of Ms. Scroggins.

3

**STATEMENT OF EPA CLAIM AGAINST DEFENDANT**

13. Since at least June 2001, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Akiba Scroggins at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

14. As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Akiba Scroggins.

15. The unlawful employment practices complained above in paragraph 13 were willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices regarding pay and promotions that discriminate on the basis of gender in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a), and Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), or because of race, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a).

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for African-American and

female employees with regard to pay and promotions and which eradicate the effects of Defendant's past and present unlawful employment practices.

     C.     Order Defendant Employer to make whole Akiba Scroggins by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

     D.     Order Defendant Employer to pay Akiba Scroggins punitive damages for its malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

     E.     Order Defendant Employer to make whole Akiba Scroggins by providing compensation for pecuniary losses.

     F.     Order Defendant Employer to make whole Akiba Scroggins by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and humiliation, in amounts to be proven at trial.

     G.     Grant a judgment under the EPA requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, and an equal sum as liquidated damages or prejudgment interest in lieu thereof, to Akiba Scroggins, whose wages are being unlawfully withheld as a result of the acts complained of above.

     H.     Grant such further relief as the Court deems necessary and proper in the public interest.

     I.     Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the

Complaint.

                                Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
JACQUELINE MCNAIR
Regional Attorney
(signed by Maria Morocco with permission of Jacqueline McNair)

_____/s/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney
(signed by Maria Morocco with permission of Debra Lawrence)

_____/s/_____
MARIA LUISA MOROCCO
Senior Trial Attorney
Federal Bar No. 24357

UNITED STATES
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 962-4260
Fax: (410) 962-4270